989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Christopher J. RUDY.
 No. 92-1563.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1993.
 
 Before PLAGER, CLEVENGER and SCHALL, Circuit judges.
 DECISION
 PER CURIAM.
 
 
 1
 Christopher J. Rudy (Rudy) appeals from a decision of the Board of Patent Appeals and Interferences (Board). The Board had affirmed an examiner's final rejection, under 35 U.S.C. § 103, of claims 9-11, 13, 15, and 18-19 of Rudy's U.S. Patent Application No. 07/167,897, all the claims remaining in the case. We affirm.
 
 DISCUSSION
 
 2
 Claims 9-10, 15, and 18-19 were rejected under 35 U.S.C. § 103 as being obvious over Goria in view of Cameron; claims 11 and 13 were rejected under 35 U.S.C. § 103 over Goria alone. Claim 9 reads:
 
 
 3
 An article of manufacture, comprising footwear having upper and sole portions, wherein a chemiluminescent light source is directly incorporated into the footwear.
 
 
 4
 Claims 10, 15, 18, and 19 further specify the type of footwear. Independent claims 11 and 13 claim luminescent sandals.
 
 
 5
 As for the cited prior art, Goria teaches footwear to which reflective, fluorescent, phosphorescent, or photoluminescent elements are attached. Cameron claims a chemiluminescent element which may be attached to a variety of surfaces, including "the outer garment of a jogger or road worker." U.S. Patent No. 4,635,166 at column 3, lines 53-54.
 
 
 6
 The key issue is the meaning of the limitation "directly incorporated into the footwear [, shoe, or sandal]," which appears in all the claims on appeal. That phrase appears in the context of incorporating either a chemiluminescent light source (claims 9-10, 15, and 18-19) or a luminescent light source (claims 11 and 13) into the footwear. Rudy argues that he intends the phrase to cover imbedding the light source within the material of the footwear, to the extent that the light source is not "attached" to the footwear. If the claims indeed meant that, the rejection under § 103 would have to be reversed because we conclude that Goria and Cameron suggest attachment, but not imbedding.
 
 
 7
 During prosecution, however, claims are given their broadest possible interpretation consistent with the specification. See, e.g., In re Sneed, 710 F.2d 1544, 1548, 218 USPQ 385, 388 (Fed.Cir.1983). As stated in In re Yamamoto, 740 F.2d 1569, 1571-72, 222 USPQ 934, 936 (Fed.Cir.1984):
 
 
 8
 The PTO broadly interprets claims during examination of a patent application since the applicant may "amend his claims to obtain protection commensurate with his actual contribution to the art." In re Prater, 415 F.2d 1393, 1404-05, 162 USPQ 541, 550 (CCPA1969). This approach serves the public interest by reducing the possibility that claims, finally allowed, will be given broader scope than is justified. Applicants' interests are not impaired since they are not foreclosed from obtaining appropriate coverage for their invention with express claim language. Id. at 1405, n. 31, 162 USPQ at 550 n. 31.
 
 
 9
 We agree with the Board and the Solicitor that the claim limitation "directly incorporated into" is written broadly enough to cover not only imbedding the light source within, but also, attaching it to, the footwear. Moreover, because the specification contemplates attachment to the footwear, we cannot conclude that such a claim construction is inconsistent with the specification or otherwise unreasonable. Consequently, we adopt the interpretation used by the Board and affirm the prior art rejection.
 
 
 10
 We have carefully reviewed all of Rudy's other arguments, but we are not persuaded by them. For example, we are not convinced that Cameron is nonanalogous art. Nor does the Examiner's withdrawal of the final rejection in paper 11 [Comm'r App. at 26] constitute an allowance of the claims on appeal. Accordingly, the Board's rejection of the claims on appeal is affirmed.